IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GMAC, LLC,

    Plaintiff,

v.                            CASE NO. 4:08cv43-RH/WCS

BRUCE H. THOMAS,

    Defendant.

_____/

## ORDER OF DISMISSAL

The plaintiff GMAC LLC is a limited liability company that makes loans to automobile dealerships and takes security interests in their inventories. The defendant is an individual who guaranteed repayment of one dealership's loan. The plaintiff filed this action asserting that the dealership sold vehicles out of trust—that is, without applying the proceeds to the loan as required—and asserting that the defendant as guarantor is liable for the unpaid balance of the loan.

A limited liability company is a citizen of every state of which a member is a citizen. The complaint alleges that the plaintiff has two members, one of which is itself a limited liability company. The members of *that* limited liability company

are not identified in the complaint, nor is their citizenship adequately alleged.  The complaint thus has insufficient information to support a determination of whether diversity jurisdiction does or does not exist.

Because of this, I entered an order on September 17, 2008 (document 14), directing the plaintiff to file a statement establishing its citizenship.  The plaintiff responded by asserting that the plaintiff's two members are both limited liability companies and that determining the citizenship of all of their members would be difficult and time consuming.  The plaintiff said it believes none of the members is a citizen of Florida and that diversity jurisdiction therefore still exists, but the plaintiff moved for voluntary dismissal of the case without prejudice in order to avoid the time and expense that would be involved in establishing jurisdiction.

The defendant has responded by asserting that conditions should be imposed on any dismissal.  The defendant says he has incurred expenses defending the action, as indeed he undoubtedly has.

I conclude that dismissal is appropriate and that no conditions should be imposed.

First, dismissal is appropriate based both on the plaintiff's motion and because the record does not establish a basis for exercising jurisdiction.  The burden in on the party asserting jurisdiction to establish it.  Neither the plaintiff, as

the party that first invoked the court's jurisdiction, nor the defendant, as the party that now asserts the court should exercise its jurisdiction to impose conditions, has established the existence of jurisdiction. In the absence of jurisdiction, it is at least subject to question whether the conditions the defendant requests could properly be imposed. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (observing that once a federal court determines "that there has been no grant [of jurisdiction] that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction"); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

In any event, I would decline to impose conditions here even if I could. Under Federal Rule of Civil Procedure 41(a)(2), a court has substantial discretion whether to grant a plaintiff's request for voluntary dismissal, whether to enter any dismissal with or without prejudice, and whether to impose terms and conditions on any dismissal. *See McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir. 1986). As the court said there, "a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *McCants*, 781 F.2d at 856 (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). But

*McCants* also says, "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Id.* at 856-57 (emphasis in original) (citing *LeCompte*, 528 F.2d at 604).

The Eleventh Circuit followed *McCants* in *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253 (11th Cir. 2001) (per curiam).  There the district court granted a voluntary dismissal without prejudice, and the Eleventh Circuit affirmed, notwithstanding the defendant's assertion that it "had invested considerable resources, financial and otherwise, in defending the action, including by preparing the then pending summary judgment motion," and that plaintiff "had failed to diligently prosecute the action."  *Id*. at 1256.  The Eleventh Circuit said that neither of these circumstances, "alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss."  *Id.* (citing *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967)).

In the case at bar, defendants have made no showing that they will suffer any "clear legal prejudice" if the complaint is voluntarily dismissal without prejudice.  At most, defendants face the "prospect of a subsequent lawsuit," *McCants*, 781 F.2d at 57, but that does not preclude dismissal without prejudice.  Especially in light of the plaintiff's prompt and good faith filing of its motion for voluntary

dismissal of this action when a jurisdictional issue was raised by the court—not by the defendant—I conclude that conditions ought not be imposed on the dismissal.

For these reasons,

IT IS ORDERED:

This action is dismissed without prejudice.  The clerk must enter judgment and close the file.

SO ORDERED on October 17, 2008.

s/Robert L. Hinkle
Chief United States District Judge